U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 23 2014

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT BLAKE ADAMS,          )
            Petitioner,      )
                             )
v.                           )          No. 3:13-CV-854-M
                             )
WILLIAM STEPHENS, Director, Texas    )
Dept. Of Criminal Justice, Correctional  )
Institutions Division,       )
            Respondent.      )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow.

I.      **Procedural Background**

On September 17, 2010, Petitioner was convicted of felony murder and was sentenced to

sixty-five years in prison.  *State of Texas v. Robert Blake Adams*, No. 34553CR (40ᵗʰ Jud. Dist.

Ct., Ellis County, Tex., Sept. 17, 2010).  On June 8, 2011 the Tenth District Court of Appeals

affirmed Petitioner's conviction and sentence.  *Adams v. State*, No. 10-10-00358-CR (Tex. App.

Jun. 8, 2011 pet. ref'd).  On November 2, 2011, the Court of Criminal Appeals refused

Petitioner's petition for discretionary review.

On November 5, 2012, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte*

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

*Adams*, No. 78,873-01.  On January 23, 2013, the Court of Criminal Appeals denied the petition

without written order.

On February 22, 2013, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.

He argues his conviction violates the Due Process Clause because the Texas felony murder

statute lacks a *mens rea* requirement when driving while intoxicated is the underlying felony.

**II.**    **Facts**

The state appellate court summarized the evidence as follows:

> Adams was driving on a farm-to-market road when he crossed over the center stripe and
> struck another vehicle, which resulted in the death of the driver of that vehicle.  His blood
> alcohol content was .33 grams of alcohol per 100 milliliters of blood, which is more than
> four times the legal limit of .08 grams.  Adams stipulated that he had been convicted of
> driving while intoxicated twice previously.

*Adams v. State*, slip op. at 2.

**III.**    **Discussion**

**1.**    **Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a state court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.      Due Process Claim**

Petitioner was charged with felony murder for causing a death during the course of committing a third DWI, a felony offense. TEX. PENAL CODE ANN. § 49.09(b) (West 2009). Under Texas law, a person commits felony murder if he "commits or attempts to commit a felony, other than manslaughter, and in the course of and in the furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2009).

Petitioner argues the Texas felony murder statute violated his due process rights because it did not contain a *mens rea* requirement. On direct appeal, the state court denied relief finding that the "Texas Court of Criminal Appeals has expressly rejected Adam's claim that felony DWI, which has no independent *mens rea* requirement, cannot serve as the underlying felony for a felony murder conviction. *See Bigon v. State*, 252 S.W.3d 360, 365 (Tex. Crim. App. 2008);

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

*Lomax v. State*, 233 S.W.3d 302, 307-08 (Tex. Crim. Ap.. 2007)." Likewise, two federal district courts have determined that a conviction for felony murder based on felony DWI does not violate a petitioner's constitutional rights. *See Strickland v. Thaler*, No. 4:09-CV-746-Y, 2010 WL 4181266, (N.D. Tex. Sept. 9, 2010) (finding no due process violation) and *Lomax v. Thaler*, No. H-09-0705, 2010 WL 3362203, (S.D. Tex. Aug. 25, 2010) (finding the Texas felony murder statute does not violate the Constitution).

Further, as the Fifth Circuit has stated, the "United States Supreme Court 'has never articulated a general constitutional doctrine of *mens rea*,' and it has never held that a state's definition of a crime must include a *mens rea* element." *Baltazar v. Cockrell*, 34 Fed. Appx. 151 at *5 (5th Cir. 2002) (quoting *Powell v. Texas*, 392 U.S. 514, 535 (1968)). Petitioner has failed to show that the state courts' decision to deny relief is contrary to, or involves an unreasonable application of, clearly established federal law or is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 23 day of January, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).